3:05cv1143 (JBA) comp

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLORY ALDANA, ROSE PERET, JANICE PERET
Plaintiffs

V.

Civil Number 3:05CV1183JBA

AIR EAST MANAGEMENT, LTD.; ESTATE OF KENNETH L. HUTCHINSON, E. SUZANNE GEBEL, EXECUTRIX; ESTATE OFJARROD W. KATT, LORETTA MARIE KATT, EXECUTRIX
Defendants

JULY 21, 2005

## COMPLAINT

### PARTIES

1. At all times mentioned herein, the plaintiff, Glory Aldana resided at 14 Providence Court in Groton, Connecticut.

2. At all times mentioned herein, the plaintiff, Rose Peret, was owner and resident of 18 Providence Court in Groton, Connecticut.

3. At all times mentioned herein, the plaintiff, Janice Peret, resided with her mother, the plaintiff, Rose Peret, at 18 Providence Court in Groton, Connecticut.

4. At all times material hereto, the defendant, Air East Management, Ltd., (hereafter Air East) was and is a foreign corporation registered in the State of

Delaware since 1991, with a principal place of business located in Farmingdale, New York, engaged in the aviation business.

5. At all times material hereto, the defendant, Air East, owned and operated one Learjet 35A, N135PT with the serial number 35A-509.

6. At all times mentioned herein, Kenneth L. Hutchinson, a certified airline transport pilot, was the Captain of the above said aircraft.

7. On December 5, 2003, E. Suzanne Gebel was appointed Executrix of the defendant Estate of Kenneth L. Hutchinson by the Surrogate Court of Suffolk County, of the State of New York.

8. At all times mentioned herein, Jarrod W. Katt, a certified airline transport pilot, was the First Officer and co-pilot of the above said aircraft.

9. On November 10, 2003, Loretta Marie Katt was appointed Executrix of the defendant Estate of Jerrod W. Katt by the Probate Court of Montgomery County, of the State of Texas.

**GENERAL ALLEGATIONS**

10. On August 4, 2003, at approximately 6:40 a.m., said Learjet 35A, N135PT owned and operated by the defendant, Air East Management, Ltd,

approached the Groton/New London Airport on a flight which originated from Republic Airport in Farmingdale, New York.

11. At the same time, the plaintiffs, Glory V. Aldana, Rose Peret and Janice Peret, were asleep in their respective homes.

12. At about five (5) miles west of the Groton/New London Airport, the pilot of said Learjet, Kenneth L. Hutchinson, or the co-pilot, Jerrod W. Katt, advised the Providence Approach controller that they had visual contact with the airport and would not need the instrument flight plan that had been originally filed for the above mentioned flight.

13. At approximately 6:40 a.m., said pilot and co-pilot of said Learjet 35A were preparing to land the aircraft at the Groton/New London Airport in Groton Connecticut, with out any guidance from the air traffic controller directing said landing into the Groton/New London Airport.

14. Said pilots then proceeded to attempt a visual landing; however, because of low clouds (visibility), this attempt was aborted.

15. In an attempt at a second landing, said pilots performed a circling maneuvering, using an excessive bank angle causing the engine to stall and the

Learjet 35A to crash into three homes including those of the plaintiffs, Glory V. Aldana, Rose Peret, and Janice Peret.

16. The impact of the plane caused the houses to burst into flames and be destroyed. The plaintiff's were forced to flee from their homes in fear, watched their homes and personal belongings burn to the ground, and in doing so sustained serious, permanent and disabling injuries.

17. The severe, permanent and disabling injuries to the plaintiffs were proximately caused by the negligence, carelessness and recklessness of the defendants in one or more of the following ways in that they:

a. Flew carelessly, negligently and recklessly so as to endanger the lives of others, including the plaintiffs, without regard to the proximity of field conditions, and the territory flown over;

b. Carelessly operated said airplane so as to endanger the life of the plaintiffs;

c. Operated said aircraft even though is was not in an airworthy condition in violation of 14 CFR 91.7;

d. Operated said airplane at such speed or maneuvering it in such a manner as to result in the serious injury to others, including the plaintiffs;

e. Operated said airplane in an unsafe manner, deciding to discontinue Instrument Flight Rules (IFR) and approach the airport on a visual basis;

f. Operated an airplane that was not mechanically sound;

g. Operated an airplane that was not safe for the landing maneuver attempted;

h. Operated an airplane that was not mechanically sound for the landing maneuver attempted;

i. Operated said airplane with an inadequate and incompetent flight crew;

j. Operated the said aircraft which had exceeded its life limit;

k. Operated said aircraft with a lack of degree of care judgment and responsibility required for compliance with the Part 135 Certificate issued by the Federal Aviation Administration;

l. Operated the airplane without regard for weather conditions;

m. Failed to follow the rules of safe operation of an aircraft thereby endangering the lives of others including the plaintiffs;

n. Failed to maintain said airplane in safe and airworthy mechanical condition;

o. Failed to equip said airplane with adequate safety equipment;

p. Failed to train and staff said airplane with a competent flight crew;

q. Failed to keep said airplane under reasonable and proper control;

r. Failed under all circumstances than and there existing to take reasonable and proper precautions to avoid the probability of harm to others, including the plaintiffs.

## ALLEGATIONS AS TO GLORY ALDANA

18. As a result of the negligence, carelessness and recklessness of the defendants, the plaintiff, Gloria Aldana, suffered and continues to suffer from multiple contusions and abrasion, burns, cervical, lumbar and pelvic sprain, and extreme physical pain and mental anguish. As a further result of said incident, the plaintiff, Glory Aldana, suffers from severe Posttraumatic Stress Disorder, Major Depressive Disorder and other psychiatric disorders.

19. As a result of the said incident, the plaintiff, Glory Aldana, has been caused severe pain and suffering, emotional distress and mental anguish, causing sleeplessness, nightmares, depression, pain and anguish and ongoing pervasive memories and she is likely to suffer from these conditions for the rest of her life.

20. In all likelihood the plaintiff, Glory Aldana's, injuries and mental conditions are permanent in nature and will require additional medical treatment and mental health counseling in the future. In addition, the plaintiff, Glory Aldana, has suffered, and will continue to suffer great physical and mental pain and has been unable to participate in many activities in which she engaged prior to said airplane crash.

21. As a further result of said incident, the plaintiff, Glory Aldana, was required to spend various sums of money for medical care, mental health counseling, psychiatric care, neuropsychiatric treatment, physical therapy, treatment, x-rays, drugs and devices necessitated by said injuries and will be obliged to spend further additional sums in the future for like services, all to her loss and damage.

22. As a further result of the negligence, carelessness and recklessness of the defendants, the plaintiff, Glory Aldana, suffers and increased risk and apprehension of future harm in that she has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

23. At all times mentioned herein, the plaintiff, Glory Aldana, was gainfully employed and as a further result of said incident and the injuries resulting thereform, the plaintiff, Glory Aldana, lost time from her respective employment and she continues to be unable to work and she has suffered economic loss in past lost wages and in loss of her earning capacity.

**ALLEGATIONS AS TO ROSE PERET**

24. As a result of the negligence, carelessness and recklessness of the defendants, the plaintiff, Rose Peret, suffered and continues to suffer from multiple contusions, abrasions, sprains, extreme physical pain and extreme mental anguish. As a further result of said incident, the Plaintiff, Rose Peret, suffers from severe and chronic Posttraumatic Stress Disorder, Depression, Psychiatric Distress and other psychiatric disorders and illnesses.

25. As a result of the said incident, the plaintiff, Rose Peret, has been caused severe pain and suffering, emotional distress and mental anguish, causing sleeplessness, nightmares, depression, great mental pain and anguish and ongoing pervasive memories and is likely to suffer from these conditions for the rest of her life.

26. In all likelihood the plaintiff, Rose Peret's, injuries and mental conditions are permanent in nature and will require additional medical treatment and mental health counseling in the future. In addition, the plaintiff, Rose Peret, has suffered, and will continue to suffer great physical and mental pain and has been unable to participate in many activities in which she engaged prior to said airplane crash.

27. As a further result of said incident, the plaintiff, Rose Peret, was required to spend various sums of money for medical care, mental health counseling,

psychiatric care, neuropsychiatric treatment, x-rays, drugs and devices necessitated by said injuries and will be obliged to spend further additional sums in the future for like services, all to her loss and damage.

28. As a further result of the negligence, carelessness and recklessness of the defendants, the plaintiff, Rose Peret, suffers and increased risk and apprehension of future harm in that she has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

**ALLEGATIONS AS TO JANICE PERET**

29. As a result of the negligence, carelessness and recklessness of the defendants, the plaintiff, Janice Peret, suffered and continues to suffer from first and second degree burns to her left arm and proximal forearm with blistering, first degree burns to her posterior neck with blistering, multiple contusions, sprains and abrasions, extreme mental anguish and disfiguring scarring. The plaintiff, Janice Peret, suffers from Posttraumatic Stress Disorder, Depression, Psychiatric Distress, Dissociation and other psychiatric disorders.

30. As a result of the said incident, the plaintiff, Janice Peret, has been caused severe pain and suffering, emotional distress and mental anguish, causing sleeplessness, nightmares, depression, pain and anguish and ongoing pervasive memories and she is likely to suffer from these conditions for the rest of her life.

31. In all likelihood the plaintiff, Janice Peret's, injuries are permanent in nature and will require additional medical treatment and mental health counseling in the future. In addition, the plaintiff, Janice Peret, has suffered, and will continue to suffer great physical and mental pain and has been unable to participate in many activities in which she engaged prior to said airplane crash.

32. As a further result of said incident, the plaintiff, Janice Peret, was required to spend various sums of money for medical care, mental health counseling, psychiatric care, neuropsychiatric treatment, x-rays, drugs and devices necessitated by said injuries and will be obliged to spend further additional sums in the future for like services, all to her loss and damage.

33. As a further result of the negligence, carelessness and recklessness of the defendants, the plaintiff, Janice Peret, suffers and increased risk and apprehension of future harm in that she has a greater susceptibility to further injury

from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

34. At all times mentioned herein, the plaintiff, Janice Peret, was gainfully employed and as a further result of said incident and the injuries resulting thereform, the plaintiff, Janice Peret, lost time from her respective employment and thereby suffered economic loss in the form of past and future lost wages.

**WHEREFORE** the plaintiff demands:

a. Fair just and reasonable money damages;

b. Other relief as the court deems appropriate.

The plaintiff claims a jury trial.

THE PLAINTIFFS
GLORY V. ALDANA, ROSE PERET,
JANICE PERET

Robert I. Reardon, Jr.
Federal Bar No. ct05358
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320
Phone: 860.442.0444
Fax: 860.444.6445
Email: reardonlaw@aol.com