UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLORY ALDANA, ET AL.,  
    Plaintiffs,

v.

AIR EAST AIRWAYS, INC., ET AL.,  
    Defendants.

Case No. 05cv1183 (JBA)

### RULING ON DEFENDANTS' MOTIONS FOR PARTIAL DISMISSAL
### [DOCS. ## 52, 56]

Plaintiffs Glory Aldana, Rose Peret, and Janice Peret brought this negligence suit against defendants Air East Airways, Inc. ("AEA") and Air East Management, Ltd. ("AEM") (collectively the "Air East defendants"), and defendants Estate of Kenneth L. Hutchinson and Estate of Jarrod W. Katt (collectively the "Estate defendants") following the crash of the airplane owned or piloted by defendants into their homes on August 4, 2003. All defendants now move to dismiss the common law negligence claims in plaintiff's Fourth Amended Complaint, on the grounds that these state law claims are preempted by the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 et seq. For the reasons that follow, defendants' Motions are GRANTED.

I. **Factual Background**

The facts alleged by plaintiffs in their Fourth Amended Complaint [Doc. #43] describe the following circumstances giving rise to plaintiffs' claims. In the early morning hours of August 4, 2003, a chartered Learjet owned and operated by the Air East

1

defendants and piloted by Estate defendants' decedents First Officer Hutchinson and Captain Katt departed from Republic Airport in Farmingdale, New York for Groton/New London Airport in Connecticut. While attempting to land at the Groton/New London Airport, the plane was caught in a patch of poor visibility and began to circle the landing area. In doing so, the pilots used an excessive bank angle, causing the engine to stall and propelling the plane into the homes of plaintiffs Aldana and the Perets in Groton, Connecticut. The impact set their houses ablaze and woke the sleeping plaintiffs, who sustained severe emotional and physical injuries while fleeing from their homes.

In July 2005, plaintiffs commenced this diversity action against the Air East defendants and the estates of the deceased pilots. These Motions for Partial Dismissal present the question of whether plaintiffs' common law negligence claims arising from this airplane crash are preempted by the FAA.

## II. Standard

When deciding a motion to dismiss, "we must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor," UCAR Int'l Inc. v. Union Carbide Corp., 119 Fed. Appx. 300, 301 (2d Cir. 2004). "A complaint should not be dismissed on the pleadings unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

2

Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006) (internal quotation omitted). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003) (internal quotation marks omitted).

**III. Discussion**

    **A.  The FAA and federal preemption**

In 1958, the FAA "was passed by Congress for the purpose of centralizing in a single authority — indeed, in one administrator — the power to frame rules for the safe and efficient use of the nation's airspace." Air Line Pilots Assoc., Int'l v. Quesada, 276 F.2d 892, 894 (2d Cir. 1960). To that end, the FAA empowered the Federal Aviation Agency to issue rules and regulations promoting safety in civil air commerce. Id. at 895. However, the FAA also included a "savings clause" that "[n]othing contained in this Act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such remedies." Pub. L. 85-726, 72 Stat. 731, § 1106.

The FAA has been amended by other legislation, including the Noise Control Act of 1972, Pub. L. 92-574, 86 Stat. 1234, and the 1978 Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713. The ADA was passed to supplement the FAA with respect to economic

3

regulation and "expressly preempt[s] the states from enacting or enforcing '[a]ny law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier,'" Curtin v. Port Auth. of N.Y. & N.J., 183 F. Supp. 2d 664, 668 (S.D.N.Y. 2002) (quoting 49 U.S.C. § 41713(b)(1)).

Given the ubiquity of air travel, the federal courts have had numerous occasions to address whether or to what extent Congress "intend[ed] to occupy the field of airplane safety to the exclusion of the state common law," Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1442 (10th Cir. 1993). In moving for partial dismissal, the defendants advance an "implied field preemption" theory: that air transportation and safety are an area of national concern "requir[ing] a uniform and exclusive system of federal regulation" (Defs. Mem. [Doc. #52-1] at 4).

**B.   Portions of the Complaint at issue**

Plaintiffs' Fourth Amended Complaint sounds entirely in negligence. In Connecticut, "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." Jagger v. Mohawk Mountain Ski Area, Inc., 849 A.2d 813, 823 n.13 (Conn. 2004) (internal quotation marks omitted). At issue here is what standard of care should ground the element of breach. The Air East defendants move to dismiss particular paragraphs alleging

4

common law negligence in Counts 1-6 of the Complaint: ¶¶ 42(u)-(hh), 70(u)-(hh), 97(u)-(hh), 125(u)-(hh), 153(u)-(hh), and 180(u)-(hh).[1] The corresponding subparagraphs of Counts 7-12 are the subject of the estate defendants' Motion: ¶¶ 208(o)-(aa), 236(o)-(aa), 263(o)-(aa), 291(o)-(aa), 319(o)-(aa), and 346(o)-(aa). In each of the 12 counts of "Negligence and Carelessness" the first half of the subparagraphs claim negligent conduct followed by reference to CFR Title 14 FAA regulation; many of the same subparagraphs are then repeated without citation, implying reliance on state common law.[2] It is the latter subparagraphs

---

[1] The Air East defendants also move to dismiss ¶¶ 104u-hh and 208u-hh, but these appear to have been included mistakenly, as ¶ 104 only incorporates factual allegations and includes no subparagraphs "u-hh," and as ¶ 208 applies to defendant Hutchinson and includes subparagraphs only through "aa."

[2] E.g.,

> 70. The severe, permanent and disabling injuries to the plaintiff [Rose Peret] were proximately caused by the negligence and carelessness of the defendant, Air East Airways Inc., it[s] agents, servants and or employees, in one or more of the following ways in that they:
>
> > a. Allowed said airplane to be carelessly operated so as to endanger the life of the plaintiffs in violation of 14 CFR 39.7, 14 CFR 91.13(a) and 14 CFR 91.7(a);
> >
> > b. Allowed said aircraft to be operated even though it was not in an airworthy condition in violation of 14 CFR 91.7(a) and 14 CFR 39.7;
> >
> > c. Allowed said aircraft to be operated at such speed or maneuvering it in such a manner as

5

that defendants claim are preempted by the FAA.

**C. FAA caselaw**

Neither the Supreme Court nor the Second Circuit, unlike the First, Third, and Tenth Circuits, have ruled on the issue of whether common law negligence claims survive preemption. While the Supreme Court contemplated the FAA's preemptive effect in City of Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624 (1973), it did so in a different context, holding that the FAA and the Noise Control Act amendment preempted a city ordinance forbidding take-offs and landings during certain hours, finding that "fractionalized control of the timing of takeoffs and landings would severely limit the flexibility of FAA in controlling air traffic flow." Id. at 639. In French v. Pan Am Express, 869 F.2d 1 (1st Cir. 1989), a state statute regulating employee drug-testing as applied to pilots was found preempted by the FAA, as "local restrictions on pilot qualification would make

---

    to result in serious injury to others, including the plaintiffs in violation of 14 CFR 91.13(a);
    . . .
 u. Allowed said airplane to be carelessly operated so as to endanger the life of the plaintiffs;

 v. Allowed said airplane to be operated at such speed or maneuvering it in such a manner as to result in the serious injury to others, including the plaintiffs; . . .

(Fourth Am. Compl. ¶ 70.)

6

impossible the attainment of the centralized control and uniformity of design so plainly coveted by the Congress" in passing the Act, id. at 5. On the other hand, the Tenth Circuit concluded in Cleveland, 985 F.2d 1438, that an injured pilot's negligent design lawsuit against the airplane manufacturer was not preempted by the FAA, relying on the FAA "savings clause" as indicating that Congress intended to "leave[] in place remedies then existing at common law or by statute," including "[t]ort liability for design defects," id. at 1442-43, and that passage of the ADA "preempting state regulation of air rates and routes suggests that it intended the [FAA] not to preempt common law claims." Id. at 1447. The Third Circuit in Abdullah v. American Airlines, Inc., 181 F.3d 363 (3d Cir. 1999), concluded that while the FAA preempts air safety standards, it does not foreclose the state tort remedies available to in-flight passengers injured during severe turbulence: "there is an overarching general standard of care under the FAA and its regulations. This standard arises in particular from 14 C.F.R. § 91.13(a): 'No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another,'" id. at 365.

Looking to district court cases from the Second Circuit[3]

---

[3] The Second Circuit has not meaningfully addressed the issue of tort preemption. In re Air Crash Disaster at John F. Kennedy Int'l Airport, 635 F.2d 67 (2d Cir. 1980), affirmed a jury finding of negligent aircraft operation in a fatal landing accident, and while reference is made to the FAA "savings clause"

7

that have substantively considered the question, the Court finds them divided. Sakellaridis v. Polar Air Cargo, Inc., 104 F. Supp. 2d 160 (E.D.N.Y. 2000), relying on In re Air Crash, adopted the Cleveland analysis. Curtin v. Port Authority of N.Y. and N.J., 183 F. Supp. 2d 664 (S.D.N.Y. 2002), found preempted under the FAA an injured airplane passenger's negligence action arising from injuries sustained during an emergency evacuation, "agree[ing] with the preemption analyses of the First and Third Circuits . . . that limiting the FAA preemption calculus to the ADA unduly circumscribes the examination,"[4] and concluding that "the standard of care is a matter of federal, not state, law." Id. at 671. However, the court in Curtin did not analyze the additional holding in Abdullah that preemption of the care standard does not preempt application of state tort remedies. Two years after Curtin, the Abdullah reasoning was adopted in its entirety in Schupert v. Continental Airlines, Inc., 2004 U.S.

---

as "not preclud[ing] common law remedies," id. at 74, the parties' stipulation to the application of New York tort law obviated the need for preemption analysis.

[4] See also Peterson v. Cont'l Airlines, Inc., 970 F. Supp. 246 (S.D.N.Y. 1997) (personal injury action against airline staff not preempted by ADA); Galbut v. Amer. Airlines, Inc., 27 F. Supp. 2d 146 (E.D.N.Y. 1997) (plaintiff customer's frequent flyer mileage dispute brought under common law expressly preempted by ADA); Lanza v. Amer. Airlines, Inc., No. 93-CV-4246 (JMA), 1996 U.S. Dist. LEXIS 22275 (E.D.N.Y. May 23, 1996) (tort claim of passenger injured when hit by jetway door not preempted by ADA); and Trinidad v. Amer. Airlines, Inc., 932 F. Supp. 521 (S.D.N.Y. 1996) (tort claim of passenger injured during turbulence on same flight as in Abdullah not preempted).

Dist. LEXIS 6214 (S.D.N.Y. 2004), in which an in-flight passenger was injured by an errant crutch that fell from an overhead bin.[5] Schupert and Curtin were persuaded that 14 C.F.R. § 91.13(a) set out a "general standard of care" for the aviation industry, supplemented by "an array of specific safety standards" in the FAA regulations. See Curtin, 183 F. Supp. 2d at 668; Schupert, 2004 U.S. Dist. LEXIS 6214, at *19.

**D. Interpretation of the caselaw**

Given that the preemption question is unsettled in this Circuit, the Court considers the contrasting rationales of French/Abdullah and Cleveland. As Congressional intent is the touchstone of any preemption analysis, the Court focuses on both the FAA's overall purpose of uniformly regulating air safety as well as the "savings clause" provision that the Act was only intended to add to existing common law remedies. After such consideration, this Court finds the Abdullah approach persuasive and agrees that "[t]he FAA and its corresponding regulations, in prescribing a standard of care of the safety of airline travel, has created an 'overarching general standard of care,' . . . [but] the plaintiff[s] may still seek state remedies for [their] injuries." Shupert, 2004 U.S. Dist. LEXIS 6214, at *19-20.

---

[5] Preemption was briefly considered in In re September 11 Litigation, 280 F. Supp. 2d 279 (S.D.N.Y. 2003), but because the analysis was undertaken with respect to the duty of care, rather than the standard of care, owed to ground victims, the conclusion that "New York's law of duty is not . . . preempted by [] federal law" is inapposite.

9

This approach is consistent with the Supreme Court's analysis in Silkwood v. Kerr-McGee Corp., 464 U.S. 238 (1984), that state tort remedies remain available to the plaintiff injured at a nuclear power plant despite the preemptive force of the Atomic Energy Act. Silkwood found that, "[i]n light of Congress' failure to provide any federal remedy for persons injured" by radiation in nuclear plants, preemption of the standard and the remedy would "remove all means of judicial recourse for those injured by illegal conduct." Id. at 251. This is equally true of the FAA, which provides "no federal remedy for personal injury or death caused by the operation or maintenance of aircraft," Abdullah, 181 F.3d at 375 (citing In re Mexico City Aircrash, 708 F.2d 400, 408 (9th Cir. 1983)).

As defendants note, plaintiffs' common law negligence claims basically track those articulated under FAA regulations. Thus, while the Court holds that common law negligence standards are preempted by the FAA, under the Act's "savings clause," the plaintiffs' right to pursue their negligence claims (applying FAA standards) against defendants is not. Thus, if plaintiffs prove that defendants' negligent acts and omissions measured by FAA standards caused their injuries, then they will be entitled to pursue the breadth of common law remedies available under Connecticut law.

**IV. Conclusion**

Accordingly, defendants' Motions for Partial Dismissal [Docs. # 52, 56] are GRANTED.

                                        IT IS SO ORDERED.

                                        /s/

                                        JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 14th day of March, 2007.**